# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0011V**

| | |
|---|---|
| CASSANDRA IMMELE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 27, 2026 |

*Zachary James Hermsen, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.*

*Parisa Tabassian, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 4, 2024, Cassandra Immele filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact injury, related to an influenza ("flu") vaccine she received on January 21, 2021. Petition at 1, ¶¶ 3, 11-12. Petitioner further alleges that she received the flu vaccine within the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither Petitioner nor any other party has filed a civil claim or received

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation for her SIRVA, alleged as vaccine caused. Petition at ¶¶ 3, 9, 13-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2024, I ordered Petitioner to provide the additional evidence needed to establish six-month severity, or to other wise show cause why her claim should not be dismissed. ECF No. 21; *see* Section 11(c)(1)(D)(i). Specifically, I found there was "little in the medical record substantiating severity after June 2021." Order to Show Cause at 4.

In response, Petitioner provided additional evidence, including text messages to a friends and classmates, an electronic message sent to her primary care provider ("PCP"), and a supplemental affidavit. Exs. 13-18, ECF No. 22. I noted that, if properly authenticated, this evidence appeared to be sufficient to establish the required symptom duration. Order, issued Mar. 30, 2026, at 2, ECF No. 28. Particularly helpful, was a message from Petitioner to a nurse at her primary care provider's clinic, in which Petitioner stated that her shoulder "*almost* feels back to normal" six and one-half months post-vaccination. Ex. 17 (emphasis added). Thereafter, Petitioner provided declarations from two friends attesting to the accuracy of the submitted text messages they received. Exs. 19-20, ECF No. 29.

On August 7, 2026, Respondent filed an amended Rule 4(c) Report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "will not continue to contest that petitioner received a flu vaccine, as alleged, and suffered SIRVA for at least six months as defined by the Vaccine Injury Table." *Id.* at 2. Respondent further agrees that "based on the record as it now stands, and subject to any appeal, [he] does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master