# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0011V**

| | |
|---|---|
| CASSANDRA IMMELE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 8, 2026 |

*Zachary James Hermsen, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.*

*Parisa Tabassian, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 4, 2024, Cassandra Immele filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact injury, related to an influenza vaccine she received on January 21, 2021. Petition at 1, ¶¶ 3, 11-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 27, 2026, I issued a ruling on entitlement, finding Petitioner entitled to compensation for her SIRVA. On October 8, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $40,000.00 for pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $40,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CASSANDRA IMMELE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 24-11V
Chief Special Master Brian H. Corcoran
ECF

## RESPONDENT'S PROFFER

On January 4, 2024, Cassandra Immele ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"). She alleges that an influenza ("flu") vaccination administered in her left arm on January 21, 2021, caused a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-2. The Court issued an Order to Show Cause on November 14, 2024, due to apparent failure to satisfy the statutory severity requirement. ECF No. 21. Petitioner filed her response on December 26, 2024, along with additional severity evidence as Exhibits 13-18. ECF No. 24. On July 8, 2025, the Secretary of Health and Human Services ("respondent") filed his combined Rule 4(c) Report and Response to Order to Show Cause. ECF No. 25. Petitioner also filed a reply on July 23, 2025. ECF No. 26.

On March 30, 2026, the Court issued a Scheduling Order, in which the Chief Special Master discussed the additional evidence, Exhibits 13-18. ECF No. 28. He found the August 2021 electronic conversation between petitioner and her medical provider particularly helpful. Therein, petitioner stated that "after about 6½ months [her shoulder] almost feels back to

normal." *Id*. at 1-2; Ex. 17. Respondent's position was that none of the additional Exhibits were appropriately certified and authenticated as complete and accurate, so they were equivalent to the word of petitioner alone. ECF No. 25. However, the Chief Special Master noted that, if authenticated, "the statement is better characterized as a contemporaneously made assertion contained in the medical records." ECF No. 28 at 2.

Recognizing the Court's Order in the nature of a decision, respondent determined that he would not defend the case on other grounds during further proceedings before the Office of Special Masters. Accordingly, respondent filed an Amended Rule 4(c) Report on August 7, 2026, submitting that petitioner had otherwise satisfied the criteria set forth in the Table and the QAI for SIRVA and deferring to the Court to rule on petitioner's entitlement to compensation. *See* 42 C.F.R §§ 100.3(a)(XIV) and (c)(10); ECF No. 33. On August 27, 2026, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 34. Respondent now files this proffer regarding the amount of damages to be awarded.

## I. <u>Items of Compensation</u>

Respondent proffers that petitioner should be awarded $40,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. <u>Form of the Award</u>

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's

decision and the Court's judgment award the following:[1]

> A lump sum payment of **$40,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Cassandra Immele.
>
> Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*s/ PARISA TABASSIAN*
PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4035
Parisa.Tabassian@usdoj.gov

Dated: October 8, 2026

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

CERTIFICATE OF SERVICE

I certify that today, October 8, 2026, a copy of the above pleading was served by electronic mail to Zachary Hermsen at hermsen@whitfieldlaw.com and Bryn Hazelwonder at hazelwonder@whitfieldlaw.com.

*s/ Parisa Tabassian*